**Tommy C. ISHEE et al., Appellants,**

v.

**Julia D. CONNOR et al., Appellees.**

**No. 18740.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 3, 1965.

Decided March 25, 1965.

Mrs. Maryclaire A. Ishee, appellant *pro se.*

Mr. James C. Wilkes, Jr., Washington, D. C., for appellees.

Before EDGERTON, Senior Circuit Judge, and DANAHER and BURGER, Circuit Judges.

PER CURIAM:

This appeal involves the grant of a permanent injunction, after extended trial in the District Court, against the maintenance of certain barriers to claimed right of way easements. The easements were claimed to have grown out of partition deeds executed in 1919 pursuant to judicial partition proceedings buttressed by uninterrupted use since then. Appellants claim among other things that the 1919 partition deeds contained an easement clause not ordered or approved by the court; it is not disputed, however, that from the date of the 1919 deeds the various landowners recognized the right of way which provided access to the rear portion of various lots and the homes then existing thereon.[1] In the trial there was abundant evidence of consistent use of the right of way claimed by appellees as an extension of the public alley into which it ran under a claim of right resting on use following the 1919 easement clauses. This furnished a basis for the court's finding of easements by prescription.

The mass of documentary evidence and testimony was the subject of detailed and comprehensive fact findings by the District Court. No useful purpose would be served by extended treatment of these findings and the evidence. It is sufficient that after careful treatment by Judges Pine and Youngdahl on motions for preliminary restraint against appellees and full hearing by Judge Matthews, precise findings and conclusions were made and no infirmity in them has been demonstrated by appellants.

Affirmed.

---

1. In 1924, several garages were built on the rear of the lots and had been used since then by virtue of the access way created by the easement clauses. The appellants themselves, in acquiring title in 1957, did so under a deed which recited that their title was "Subject to a right of way over the rear twelve (12) feet thereof for the benefit of original Lot Two (2) and subdivision Lot 'B' in said Square." Later, in executing deeds to trustees to secure certain indebtedness, appellants further recognized the easement clause by including in the trust deeds the same easement recitals.